Argued and submitted March 6, judgment modified in part; otherwise affirmed
April 3, 2003

In the Matter of the Marriage of

Barbara Jean JENSEN,
*Petitioner,*

*and*

Dan Wesley JENSEN,
*Respondent.*

STATE OF OREGON,
Department of Human Services,
*Respondent,*

*v.*

Dan W. JENSEN,
*Appellant,*

*and*

Barbara J. McCARY,
fka Barbara J. Jensen,
*Respondent.*

93-DO-0098 TM; A117956

65 P3d 1113

Philip M. Wasley argued the cause for appellant. With
him on the brief was Yarmo & Wasley, PC.

Richard D. Wasserman, Assistant Attorney General, waived appearance for respondent State of Oregon, Department of Human Services.

No appearance for respondent Barbara J. McCary, fka Barbara J. Jensen.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Appellant, an obligor under the provisions of ORS chapter 416, appeals from a judgment of the circuit court modifying his child support payments, contending that the circuit court erred in several respects. We review *de novo*, ORS 19.415(3), and write only to address appellant's contention that the trial court mistakenly included in the support award an amount for health insurance premiums for an 18-month period. Because we find that respondent had not paid for health insurance for the period in question, we conclude that the trial court erred in ordering appellant to pay an amount to cover the premiums. We modify the judgment accordingly and otherwise affirm.

The trial court signed a "Support and Money Judgment" on March 18, 2002, that set appellant's support obligation for the period of September 1, 2000 through November 30, 2001, at $337, including $68 per month as appellant's proportionate share for health insurance premiums. In fact, respondent testified at trial on November 5, 2001, that, although she planned to obtain health insurance coverage for the parties' minor child, she had not yet done so. Appellant contends that the trial court erred in including in the support award an amount for health insurance premiums when respondent had not incurred any out-of-pocket expenses for health insurance. We agree.

ORS 25.255(1) provides, in part:

"When an obligor does not provide health insurance for a child, and the obligee elects to provide insurance and incurs out-of-pocket costs to provide health insurance, the Administrator of the Division of Child Support, an administrative hearings officer or a court shall increase the obligor's child support obligation by an amount that represents the obligor's pro rata share of the obligee's out-of-pocket costs of the health insurance attributable to enrolling the child."

Because respondent had not incurred any out-of-pocket expenses for health insurance during the 18-month period in question, the trial court erred in including an amount for health insurance premiums in the support award.

Judgment modified to delete amount of $68 per month for health insurance premiums for the period September 1, 2000 through November 30, 2001; otherwise affirmed.